T.C. Summary Opinion 2009-177


UNITED STATES TAX COURT


ESTHER NJOROGE AND PAUL KIBIRO, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 18133-08S.              Filed November 30, 2009.


Esther Njoroge and Paul Kibiro, pro sese.

Ronald S. Collins, Jr., for respondent.


RUWE, Judge:  This case was heard pursuant to the provisions of section 7463[1] of the Internal Revenue Code in effect when the petition was filed.  Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

---

[1] Unless otherwise indicated, all section references are to the Internal Revenue Code as amended, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined a $12,327 deficiency in petitioners' 2005 Federal income tax.  In the notice of deficiency, respondent made adjustments to petitioners' income on the bases of: Discharge of indebtedness income; disallowance of rental real estate activity losses; and resultant computational adjustments to itemized deductions.[2]  Petitioners have conceded the discharge of indebtedness income issue.  Accordingly, the only issue remaining for decision is whether petitioners are entitled to deduct claimed rental real estate activity losses of $40,503.

## Background

Some of the facts have been stipulated.  The stipulation of facts and the attached exhibits are incorporated herein by this reference.  At the time the petition was filed, petitioners resided in Delaware.

---

[2] Although neither party has addressed it, we note that respondent also disallowed a $3,250 tuition and fees expense deduction petitioners claimed on the 2005 return.  Furthermore, petitioners have not asserted that respondent's computational adjustments to itemized deductions are erroneous.

Rule 34(b)(4) provides that the petition in a deficiency action shall contain:  "Clear and concise assignments of each and every error which the petitioner alleges to have been committed by the Commissioner in the determination of the deficiency or liability.  * * *  Any issue not raised in the assignments of error shall be deemed to be conceded."

Petitioners have not pleaded error regarding the disallowance of the deduction for tuition and fees expense, nor have they pleaded error regarding the computational adjustments to itemized deductions.  Accordingly, we deem any issue regarding the tuition and fees expense deduction and the computational issue regarding itemized deductions conceded by petitioners.

Petitioners are husband and wife. In or about 2003 and 2004, petitioners acquired residential rental properties in Worcester and Springfield, Massachusetts (the rental properties). At the time the rental properties were acquired, petitioner Esther Njoroge (Mrs. Njoroge) was working as a nurse. Petitioners had very little knowledge about real estate at the time they determined to invest. During 2005 petitioners lived in Worcester, about an hour's drive from the Springfield property.

Petitioners timely filed a joint Form 1040, U.S. Individual Income Tax Return, for 2005. During 2005 both petitioners were employed as nurses. Petitioners reported wages, salaries, tips, etc., of $157,614, and adjusted gross income of $113,861. Of these wages, $43,000 was earned by Mrs. Njoroge. On their 2005 Form 1040 Schedule E, Supplemental Income and Loss, petitioners reported $11,008 in rents received and $51,511 in expenses. Thus petitioners reported a total rental real estate loss of $40,503.

Respondent mailed a notice of deficiency to petitioners, dated April 22, 2008. In the notice of deficiency, respondent disallowed the entire $40,503 loss that petitioners reported from the rental properties.

## Discussion

Deductions are a matter of legislative grace, and the taxpayer bears the burden of proving entitlement to the deductions claimed. Rule 142(a); INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934). Pursuant to section 7491(a) the burden of proof may be shifted to the Commissioner where a taxpayer has introduced credible evidence regarding factual issues relevant to ascertaining his tax liability. Rule 142(a)(2). Petitioners have neither claimed nor shown eligibility for a shift in the burden of proof. Consequently, the burden of proof remains with petitioners.

Section 469(a) generally disallows any passive activity loss for any taxable year. A "passive activity loss" is defined as the excess of the aggregate losses from all passive activities for the taxable year over the aggregate income from all passive activities for that year. Sec. 469(d)(1). The term "passive activity" is defined as any activity involving the conduct of any trade or business in which the taxpayer does not materially participate. Sec. 469(c)(1). Rental activity is treated as a per se passive activity whether or not the taxpayer materially participates in the activity. Sec. 469(c)(2), (4).

There are two principal exceptions to the general disallowance rule of section 469(a) for rental real estate

activity.  The first exception is found in section 469(i).

Section 469(i)(1) provides:

> (1) In general.--In the case of any natural
> person, subsection (a) shall not apply to that portion
> of the passive activity loss or the deduction
> equivalent * * * of the passive activity credit for any
> taxable year which is attributable to all rental real
> estate activities with respect to which such individual
> actively participated in such taxable year * * *.

This exception in section 469(i) is limited to losses that do not

exceed $25,000.  Sec. 469(i)(2).  The $25,000 maximum "offset",

however, begins to phase out for taxpayers whose adjusted gross

income exceeds $100,000 and is completely phased out for

taxpayers whose adjusted gross income is $150,000 or more.  Sec.

469(i)(3)(A).  For this purpose, adjusted gross income is

determined without regard to "any passive activity loss or any

loss allowable by reason of subsection (c)(7)."  Sec.

469(i)(3)(F).

On their 2005 Form 1040, petitioners reported adjusted gross

income of $113,861.  On their attached Schedule E they reported

$40,503 of either passive activity losses or losses determined

under section 469(c)(7).  Consequently, for this purpose,

petitioners' adjusted gross income is modified by adding the

$40,503 loss back to the reported adjusted gross income of

$113,861; i.e., petitioners' modified adjusted gross income, for

purposes of section 469(i), is $154,364.  Because petitioners'

modified adjusted gross income is more than $150,000, they are not entitled to any offset under section 469(i).

The second exception, under section 469(c)(7), applies special rules if the taxpayer is a real estate professional. Under section 469(c)(7)(B) a taxpayer qualifies as a real estate professional, and the rental real estate activity of the taxpayer is not a per se passive activity under section 469(c)(2), if:

> (i) More than one-half of the personal services performed in trades or businesses by the taxpayer during such taxable year are performed in real property trades or businesses in which the taxpayer materially participates, and

> (ii) such taxpayer performs more than 750 hours of services during the taxable year in real property trades or businesses in which the taxpayer materially participates.

See Bailey v. Commissioner, T.C. Memo. 2001-296. In the case of a joint return the requirements of section 469(c)(7)(B) are satisfied if and only if either spouse separately satisfies the requirements. Sec. 469(c)(7)(B) (flush language). As a result, if either spouse qualifies as a real estate professional, the rental activities of such spouse are not per se passive under section 469(c)(2). See sec. 469(c)(7)(A)(i).

Although a taxpayer may establish the extent of his or her participation in a real estate business by "any reasonable means", sec. 1.469-5T(f)(4), Temporary Income Tax Regs., 53 Fed. Reg. 5727 (Feb. 25, 1988), a postevent "ballpark guesstimate" will not suffice, see Lee v. Commissioner, T.C. Memo. 2006-193;

Bailey v. Commissioner, supra; Carlstedt v. Commission, T.C. Memo. 1997-331; Speer v. Commissioner, T.C. Memo. 1996-323; Goshorn v. Commissioner, T.C. Memo. 1993-578.

The record is devoid of any evidence establishing that either petitioner met the requirements of section 469(c)(7)(B). Petitioners have not provided even a "ballpark guesstimate" of the number of hours either of them spent on the rental real estate activity. Nothing in the record establishes whether more than one-half of the personal services performed by either of petitioners was performed in their rental real estate activity or whether either of them spent more than 750 hours in that activity. Mr. Kibiro testified that he and his wife did not keep "meticulous records" regarding the rental properties, and petitioners produced no such records at trial. Although Mrs. Njoroge testified that she traveled to the Springfield property two or three times a week, there is no indication of the number of hours she spent working on the rental properties. Consequently, petitioners have not established that they meet the requirements of either section 469(c)(7)(B)(i) or (ii). Because petitioners have failed to establish that either spouse qualifies as a real estate professional under section 469(C)(7)(B), their rental real estate activity is per se passive under section 469(c)(2).

Petitioners have not met the requirements of any of the exceptions to the general disallowance rule of section 469(a). Accordingly, we sustain respondent's determination to disallow the $40,503 loss.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.